VEGA, PLAINTIFF AND APPELLEE, *v.* HEIRS OF VEGA, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action of Filiation and Recovery of Property.

No. 3083.—Decided December 14, 1923.

FILIATION—CIVIL STATUS—PLEADING.—The possession of the status referred to in the Civil Code is the public reputation which a child bears with reference to its natural father, where this reputation is formed by direct acts of the father himself or his family, demonstrative of a true acknowledgment, perfectly voluntary, free and spontaneous, inasmuch as the code does not authorize the investigation of paternity, nor does it impose, therefore, such acknowledgment against the father's will, although aside from this it is not necessary that said acknowledgment be so ostentatiously made as if the child were a legitimate one, having in mind the ideas and considerations that might exist in social relations; it being, therefore, the province of the courts within this rule merely to appreciate in each case the nature, import and extent of the acts of acknowledgment ascribed to the natural father or to his family. 95 *J. C.* 1021; *Montalvo* v. *Montalvo et al.*, 25 P. R. R. 800. Under this doctrine it was concluded that both the complaint and the evidence in this case were sufficient and that, therefore, the judgment appealed from should be affirmed.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellants.

*Mr. A. Porrata Doria* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

María Magdalena Vega brought an action of filiation and for recovery of inheritance in the competent district court. The complaint was demurred to and the demurrer was overruled. After a trial the court considered the pleadings and the evidence and rendered judgment in favor of the plaintiff, whereupon the defendants took the present appeal, assigning error on the part of the court (1) in overruling the demurrer and (2) in rendering the judgment.

In discussing the first assignment the appellants contend that the complaint does not allege facts showing that the plaintiff had been in the continuous possession of the status of natural child of the father of the defendants.

In the complaint it is alleged that the plaintiff is the daughter of Laó Vega by the ancestor of the defendants, Venancio Vega, who sustained the amorous relations as a result of which the plaintiff was born on July 25, 1899; that Venancio Vega publicly visited the house of Laó Vega daily and supported her; that since the plaintiff's birth her father protected and supported her, called her his daughter publicly and in the presence of his friends and acted towards her as a father uninterruptedly until his death on April 16, 1922, and that at the times of the conception and birth of the plaintiff her parents were single and qualified to contract matrimony.

This being so, although in fact the complaint could have been more specific, it can not be concluded that it failed to allege facts sufficient to establish the status of an acknowledged natural daughter.

The other assignment refers to the evidence. In our opinion the evidence is entirely sufficient. It shows the continuous relations between the plaintiff's parents for many years and the birth of the plaintiff at a time when her parents could have married. There are other children who

could not join the plaintiff because they were born after the father had lawfully married another woman. The evidence shows clearly not only that the father supported and cared for his daughter and publicly spoke of her as such, but also that when she married he participated in the ceremony. On this point witness Enrique Santiago said: ''I know that he treated her as his daughter. I reached that conclusion because when María Magdalena was about to marry I was asked by Venancio Vega to act as a witness at her marriage and did so act. I always heard him speak of her as his daughter.'' The evidence also shows that during his last illness the father summoned his daughter to his bedside and she nursed him until he died twenty-two days later. These facts show the continuous possession of the status of natural daughter which, under the law applicable, entitled the plaintiff to a judgment declaring her acknowledgment.

The jurisprudence of this court on this matter is abundant. It will suffice to cite the case of *Montalvo* v. *Montalvo et al.,* 25 P. R. R. 800, in which this court adopted and applied the following doctrine laid down by the Supreme Court of Spain in its judgment of June 26, 1903:

''The possession of the status referred to in the Civil Code is the public reputation which a child bears with reference to its natural father, where this reputation is formed by direct acts of the father himself or his family demonstrative of a true acknowledgment, perfectly voluntary, free and spontaneous, inasmuch as the code does not authorize the investigation of paternity, nor does it impose, therefore, such acknowledgment against the father's will, although aside from this it is not necessary that said acknowledgment be so ostentatiously made as if the child were a legitimate one, having in mind the ideas and considerations that might exist in social relations; it being, therefore, the province of the courts within this rule merely to appreciate in each case the nature, import and extent of the acts of acknowledgment ascribed to the natural father or to his family.'' *Montalvo* v. *Montalvo et al.,* 25 P. R. R. 800-801.

The appellants lay stress on what this court said in the case of *Morales* v. *Heirs of Cerame,* 30 P. R. R. 784, in insisting that the evidence in this case is not sufficient. In *Morales* v. *Heirs of Cerame, supra,* it was held as follows:

"Mere proof of paternity, even coupled with kind and affectionate acts, presents, or admissions of paternity, will not suffice to give a right of action for acknowledgment. The intention of the father to acknowledge the child must appear and the proof of filiation must be clear and convincing."

The evidence in this case meets the requirements of the *Morales Case.* It is clear and convincing. Can any act show more clearly the intention of the father than that narrated by witness Santiago in the quoted part of his testimony?

The judgment must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.